## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JONATHAN RAY FARKAS ) | |
| ) | |
| **Plaintiff** ) | |
| ) | **CIVIL ACTION** |
| **vs.** ) | |
| ) | **No. 25-1140-JWL** |
| **FRANK BISIGNANO,** ) | |
| **Commissioner of Social Security,** ) | |
| **Defendant.** ) | |
| _____) | |

## ORDER

Plaintiff filed an application for leave to file action without payment of fees, costs or security.   (Doc. 4).   28 U.S.C. § 1915(a), states:

> . . .any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding. . . without prepayment of fees or security therefor, by a person who submits an affidavit. . . that the person is unable to pay such fees or give security therefor.

The court has reviewed Plaintiff's filing and finds that he has not demonstrated he lacks the financial resources to pay the filing fee in this case.   Plaintiff filed an "Affidavit of Financial Status" along with his motion but the affidavit is ambiguous regarding whether granting permission to proceed in forma pauperis is warranted.

Proceeding in forma pauperis in a civil case is a privilege which is within the court's discretion to grant or deny.   White v. Colorado, 157 F.3d 1226, 1233 (10th Cir.

1998) ("a privilege not a right-fundamental or otherwise"); Cabrera v. Horgas, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999) (within sound discretion of trial court), cert. denied, 531 U.S. 832 (2000).   Denial, however, must not be arbitrary or based on erroneous grounds.   Buggs v. Riverside Hosp., No. 97-1088-WEB, 1997 WL 321289, at *8 (D. Kan. Apr. 9, 1997).   A court in this district has held that where discretionary income is sufficient to pay the filing fee, even in a case where total expenses exceed total income, denial of an in forma pauperis motion is appropriate. Scherer v. Merck & Co., Civ. A. No. 05-2019-CM, 2006 WL 2524149 at *1 (D. Kan. Aug. 24, 2006) (total expenses exceeded income by $90.00 per month).

The Scherer court cited Brewer v. Overland Park Police Dep't, 24 Fed. App'x. 977, 979 (10th Cir. 2002) as authority requiring it to consider "the nature of the mandatory and discretionary demands on the applicant's financial resources," in deciding an in forma pauperis (IFP) motion.   Scherer, 2006 WL 2524149 at *1.   In Brewer, the court denied plaintiff's motion because his monthly income exceeded monthly expenses by "a few hundred dollars."   24 Fed. App'x. at 979.

Here, Plaintiff did not properly complete Section V of his Affidavit of Financial Status.   (Doc. 4, p.7).   Question A asks if Plaintiff has ever filed for bankruptcy, but has not been answered.   Question B seeks "Information regarding stocks, bonds, savings bonds, either owned individually or jointly."   Plaintiff did not provide the information requested but responded, "I do not have money to pay this Filing Fee.   I use my credit card to help with groceries if I need more than my $200 limit and pay it back off at the

2

end of the month." Therefore, the court denies Plaintiff's IFP motion without prejudice to refiling another motion and an amended "Affidavit of Financial Status" if further review merits such action. If Plaintiff responds with an amended Affidavit, the court expects the affidavit to be answered completely with responsive information regarding any form of financial instrument owned or controlled regardless of the form of financial instrument (including cryptocurrency) and regardless of the form of ownership (jointly, severally, individually, digitally, in trust, or any other form).

As the Brewer court recognized, an IFP motion should not be denied merely because the applicant "is not 'absolutely destitute.'" Brewer, 24 Fed. App'x. at 979 (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948)). However, Plaintiff must explain these ambiguities in his Motion for In Forma Pauperis and supporting affidavit.

The court notes that Plaintiff is represented by counsel in this case, and the court expects counsel to review affidavits of financial status and clarify such ambiguities in the information presented, before filing the affidavit with the court.

If appropriate, plaintiff may file another IFP motion with an amended "Affidavit of Financial Status." If Plaintiff does not desire to submit an amended affidavit, he may pay the filing fee in this case no later than August 6, 2025.

**IT IS THEREFORE ORDERED** that plaintiff's motion (Doc. 4) is DENIED without prejudice to refiling no later than July 25, 2025. Plaintiff may either file an amended affidavit of financial status and a renewed motion for leave to proceed in forma

pauperis no later than July 25, 2025 or pay the filing fee in this case no later than August

6, 2025.

A copy of this order shall be delivered to counsel of record for plaintiff.

Dated at Kansas City, Kansas July 2, 2025.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**